**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KARIM BROWN,

                    Plaintiff,

        vs.

LARGO MANAGEMENT LLC d/b/a LARGO
INVESTMENTS; and NISSIM BEN-NUN,
individually and in his professional capacity,

                  Defendants.

No.: 1:16-cv-8292

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Karim Brown, ("Plaintiff" or "Mr. Brown"), by and through his attorneys, The Ottinger Firm, P.C., as and for his Complaint in this action against Defendants Largo Management LLC d/b/a Largo Investments ("Largo" or the "Company"), and Nissim Ben-Nun ("Ben-Nun") (Largo and Ben-Nun, collectively, "Defendants") alleges as follows:

## NATURE OF THE CLAIMS

1.     This is an action brought by Plaintiff Karim Brown, a former employee of Defendants, to redress Defendants' unlawful failure to pay wages in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §§ 201 *et seq*.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage and hour violations that have given rise to Plaintiff's claims as alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

4.      Contemporaneous with the filing of this Complaint, Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

5.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

6.      Plaintiff Karim Brown was employed by Defendants as a "Driver" from in or around August 2009, to July 25, 2016, and resides in Hudson County, New Jersey. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

7.      Upon information and belief, Defendant Largo Management LLC d/b/a Largo Investments is a domestic limited liability company duly organized under the laws of the State of New York, with corporate headquarters located at 148 Madison Ave, New York, New York 10016.  Defendant Largo is a private real estate and investment firm that specializes in the acquisition, development, and operation of luxury multifamily and mixed-use real estate in New York City. At all relevant times, Defendant Largo met the definition of an "employer" under all applicable statutes.

8.      Defendant Nissim Ben-Nun maintains a place of business located at 148 Madison Ave, New York, New York 10016.  At all relevant times Defendant Ben-Nun is and/or was the founder and principal owner of Defendant Largo, was in active control and management of the Company, and regulated the employment of persons employed by the Company, including

2

Plaintiff.  At all relevant times, Defendant Ben-Nun met the definition of an "employer" under all applicable statutes.

### FACTUAL ALLEGATIONS

9.      Defendant Ben-Nun hired Mr. Brown in August 2009 to serve as a Driver and assistant for himself and other executives at his Company, Defendant Largo.

10.      As a Driver at the Company, Mr. Brown's primary duties consisted of driving Defendant Ben-Nun, as well as other executives of Defendant Largo to meetings, and running errands for office personnel.

11.      Defendants compensated Mr. Brown at a fixed salary of $500 per week from the outset of his employment in August 2009 through in or around December 2014. Beginning in or around January 2015, Defendant Ben-Nun increased Mr. Brown's fixed salary to the rate of $700 per week.

12.      During most weeks throughout the duration of his employment, Mr. Brown typically worked at least 6 full days per week.  He normally arrived at work at approximately 7am, and generally ended his workday at approximately 5 or 6pm.  On many occasions, however, Mr. Brown was required to continue working later into the night.

13.      Mr. Brown generally had no scheduled (or unscheduled) breaks during his workday, and ate meals, if at all, while carrying on his work at the Company.

14.      In a typical workweek, Mr. Brown therefore worked a total of at least 60 hours per week, and occasionally worked as many as 80 hours per week.

15.      Because Defendants misclassified Mr. Brown as "exempt" from the overtime requirements of the FLSA and NYLL, Defendants did not pay Mr. Brown overtime premiums, or

any additional compensation, for the approximately 20 (or more) hours in excess of 40-hours that he worked almost every week throughout his employment.

**FIRST CAUSE OF ACTION**
**(FLSA Failure to Pay Minimum Wage)**

16.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

17.     As outlined above, during the relevant time period, Defendants' practices violated the provisions of the FLSA regarding payment of a minimum wage to Plaintiff by failing to pay him the applicable minimum wage for all hours worked.

18.     Accordingly, Plaintiff is entitled to the difference between the wages paid by Defendants and the FLSA minimum wage as damages for Defendants' violations of the FLSA's minimum wage provisions.

19.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

20.     Plaintiff seeks recovery of his attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(FLSA Failure to Pay Overtime)**

21.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

22.     During the relevant time period, Plaintiff worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, was not paid appropriate overtime compensation.

4

23.     Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff appropriate overtime compensation.

24.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

25.     Plaintiff seeks recovery of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
### (NYLL: Unpaid Minimum Wage)

26.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

27.     As outlined above, Defendants' pay practices failed to pay Plaintiff a minimum wage required by the NYLL.

28.     Accordingly, Plaintiff is entitled to the difference between the NYLL minimum wage and the wages paid by Defendants as damages for Defendants' violations of the NYLL and Minimum Wage Order's minimum wage provisions.

29.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff is entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

30.     Plaintiff also seeks to have his reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

31.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

32.     During the relevant time period, Plaintiff worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, was not paid appropriate overtime compensation.

33.     Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

34.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiff is entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

35.     Plaintiff also seeks to have his reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### (Violation of the NYLL: Spread of Hours)

36.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

37.     Consistent with their policy and pattern or practice, Defendants failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

38.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

## SIXTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Accurate Wage Statements)

39.     Plaintiff alleges and incorporates by reference all allegations in the preceding paragraphs as if fully set forth herein.

40.     During the relevant time period, Defendants failed to furnish Plaintiff with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

41.     Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiff in the amount of $5,000 for each violation.

42.     In addition to statutory penalties, Plaintiff is entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.     That Defendants are found to have violated the FLSA as to Plaintiff;

B.     That Defendants are found to have violated the provisions of the NYLL as to Plaintiff;

C.     That Defendants' violations as described above are found to be willful;

D.     An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E.     That Defendants be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

F.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, the

NYLL, and/or other applicable law; and

G.      For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: October 24, 2016
      New York, New York                 Respectfully submitted,

                                             **THE OTTINGER FIRM, P.C.**

                                         By:

                                            Robert W. Ottinger
                                            Ariel Y. Graff
                                         401 Park Avenue South
                                           New York, New York 10016
                                           Tel: (212) 571-2000
                                           Fax: (212) 571-0505
                                           robert@ottingerlaw.com
                                           ari@ottingerlaw.com

                                           *COUNSEL FOR PLAINTIFF*